FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

02 JUN -4 AM 9:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **JEROL TYSON,** | ] | |
| Plaintiff, | ] ] ] | |
| vs. | ] | CV-02-N-0800-E |
| **CITY OF TALLADEGA, ET AL.,** | ] ] ] | ENTERED |
| Defendants. | ] ] | JUN 0 4 2002 |

### Memorandum

Before the court are motions to dismiss filed by defendants Talladega Police Department, Alan Watson, and Harold Robinson on May 13, 2002. [Docs. # 9, 10, 11.] On May 16, 2002, the court ordered the plaintiff to show cause why these motions should not be granted. The plaintiff having responded as ordered, the court now undertakes to resolve the motions and finds that the individual plaintiffs are due to be dismissed and that the Talladega Police Department should be required to respond to the plaintiff's answer.

For purposes of the present motions, the only pertinent facts in this case are that plaintiff Tyson was employed as a correctional officer at the Talladega City Jail and that he has filed a Title VII action for hostile work environment, harassment, and retaliation against the City of Talladega, the Talladega Police Department ("the Department"), Police Chief Alan Watson, and Officer Harold Robinson. Watson and Robinson have moved to dismiss, arguing that Title VII actions are inappropriate as to individuals because Title VII is directed at employers. The Department argues that because it is a division of the City of Talladega ("the City"), a suit against it is akin to a suit against an individual and should be dismissed

on the same grounds.

In response to the motions, Tyson makes several arguments. First, he argues that the moving parties have been sued in both their individual and official capacities, such that suit against them, at least in their official capacities, is appropriate. Second, he argues that the Department is an "employment agency" within the meaning of Title VII, and therefore subject to suit, because it "regularly undertake[s] with or without compensation to procure employees for" the City of Talladega. Third, he argues that a head of a department, agency, or unit is an appropriate defendant in a civil action. Finally, he argues that pursuant to Eleventh Circuit precedent, all three of the moving defendants can be held liable under Title VII as third-party agents of the City of Talladega. *See Williams v. City of Montgomery*, 742 F. 2d 586 (11th Cir. 1984).[1]

As to defendants Watson and Robinson, the Eleventh Circuit has made clear that liability under Title VII is limited to the employer of the aggrieved party and that suits against individuals in their individual capacities are inappropriate. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) ("Individual capacity suits under Title VII are similarly inappropriate. The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act."). While Tyson is correct that individuals can be sued in their *official* capacities under Title VII, the Eleventh Circuit has indicated that the only reason a plaintiff would sue an individual in such a capacity is to seek recovery against his employer through respondeat superior liability.

---

[1] Tyson also asserts that the moving defendants can be held liable pursuant to an opinion from the Southern District of Alabama from 1977 in which similar parties were held to be amenable to suit under Title VII. *See Manley v. Mobile County*, 441 F. Supp. 1351 (S.D. Ala. 1977). To the extent that *Manley*, a twenty-five year old opinion, is contrary to the law as stated *infra*, however, the court notes that it is both inconsistent with Eleventh Circuit law as it now exists and, in any event, not binding upon this court.

*Hinson v. Clinch County, Ga. Board of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). In other words, the plaintiff must decide whether to sue the individual decision-makers in their official capacities or to sue his employer; suit against both is inappropriate. *Richey v. City of Lilburn*, 127 F. Supp. 2d 1250, 1256 (N.D. Ga. 1999) ("Plaintiff has named the actual employer by naming the City; thus, the naming of the individuals is unnecessary, inappropriate, and not authorized by the applicable law."); *Gibson v. Hickman*, 2 F. Supp. 2d 1481, 1482 (M.D. Ga. 1998) ("Title VII claims are an attempt to recover against the employer, and can be brought either by naming the employer directly or by naming the supervisory employees as agents of the employer. . . . Here, because plaintiff has sued the Monroe County School District directly, her Title VII claims against Hickman and Dumas, the supervisory employees, add nothing to plaintiff's case."); *Holt v. Lewis*, 955 F. Supp. 1385, 1386 (N.D. Ala. 1995) ("When an employer has been made a party to a Title VII action, specific persons named in either their individual capacities or as agents of their employer are improper defendants.").

Tyson has also pointed out that an exception to the proscription against individual liability under Title VII is that third-party agents to whom the employer has transferred a significant amount of employment authority are amenable to Title VII suit. *See Williams v. City of Montgomery*, 742 F. 2d 586 (11th Cir. 1984). However, Watson and Robinson are not third-party agents of the City of Talladega; they are employee-agents. *See Hamm v. Lakeview*, 950 F. Supp. 330, 332-34 (M.D. Ala. 1996) (recognizing that there is a distinction between employee-agents and third-party agents of the employer and noting that the former do not fit within the exception created by *Williams*). To the extent that Tyson argues that Watson and Robinson are liable because they are agents of the Department and the

Department is a third-party agent of the City, the principle noted above, that once an employer has been sued, suits against employee-agents is inappropriate, applies to protect Watson and Robinson from suit.

Based on the foregoing, defendants Watson's and Robinson's motions to dismiss are due to be granted and they will be dismissed from this action. The court notes, however, that defendant Talladega Police Department, in its motion, failed to put forth any authority or otherwise demonstrate that it is subject to the same treatment under Title VII as Watson and Robinson. This is not to say, of course, that its motion is due to be denied. However, the court finds that the Department should file a response to Tyson's answer on or before Thursday, June 13, 2002, addressing, *inter alia*, whether it is subject to suit under Title VII as a third-party agent of the City and demonstrating through appropriate authority the reasons for which it is entitled to dismissal. A separate order will be entered contemporaneously with this memorandum of opinion.

Done, this 4th of June, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE